1

2
               THE HONORABLE RICHARD A. JONES
3

4

5

6

7

8
           UNITED STATES DISTRICT COURT
9
       WESTERN DISTRICT OF WASHINGTON
                 AT SEATTLE
10

11
BETH S. GATES,

12
             Petitioner,         CASE NO. C10-1680 RAJ
13
    v.
                         ORDER ADOPTING IN PART
14
MICHAEL J. ASTRUE,         AND DECLINING TO ADOPT IN
                            PART REPORT AND
15
           Respondent.      RECOMMENDATION
16

17
                **I. INTRODUCTION**
18
      This matter comes before the court on the Report and Recommendation ("R&R")
19
(Dkt. # 39) of the Honorable James P. Donohue, United States Magistrate Judge, along
20
with petitioner's objection (Dkt. # 40) to the R&R.  The R&R recommends that the court
21
affirm the decision of an administrative law judge ("ALJ") and dismiss petitioner Beth S.
22
Gates's appeal of the refusal of the Social Security Administration ("SSA") to award her
23
disability benefits.  The court has considered the objection, respondent Michael J.
24
Astrue's response, the briefs the parties submitted to Judge Donohue, and the
25
Administrative Record ("AR").  For the reasons stated below, the court adopts the R&R
26

27

1   in part, sustains petitioner's objections in part, and REMANDS this matter to the SSA for

2   proceedings consistent with this order.

3                                    **II. BACKGROUND**

4        In September 2002, Ms. Gates applied for disability insurance benefits, alleging an

5   onset date of October 1, 1999 and a date last insured ("DLI") of December 31, 2001.

6   Admin. Record ("AR") 57-59, 159.  Petitioner's initial application was denied, and she

7   appealed to the United States District Court for the Western District of Washington.  AR

8   498-504.  On June 28, 2007, the Honorable Thomas S. Zilly reversed and remanded the

9   case to the Commissioner for further proceedings.  AR 721-35.  In that order Judge Zilly

10  remanded the case to the SSA to reconsider, among other things, the adverse credibility

11  findings and to identify specifically any testimony deemed not credible and the facts in

12  the record that lead to that conclusion.  AR 721-35.  The ALJ conducted a new

13  administrative hearing on October 16, 2007.  AR 1028-47.  On January 10, 2008, the ALJ

14  issued a decision denying her claim.  AR 703-17.  Petitioner's administrative appeal of

15  the ALJ's decision was denied by the Appeals Council (AR 578-79), and petitioner

16  appealed to this court.  Judge Donohue issued an R&R recommending that this court

17  affirm the Commissioner and dismiss this case with prejudice.

18       Petitioner objects to the R&R on three grounds:  (1) the ALJ erred in its adverse

19  credibility determination, and the adverse credibility determination violated Judge Zilly's

20  remand order; (2) the ALJ erred in failing to provide legally germane reasons to reject lay

21  witness testimony of plaintiff's depression; and (3) the ALJ erred in finding that

22  petitioner's depression was not a severe impairment.

23                                    **III. ANALYSIS**

24  **A.  Standard of Review**

25       The R&R accurately summarizes the standard of review applicable to the ALJ's

26  decision.  Briefly, where "substantial evidence" supports an ALJ's factual finding, the

27  court generally must affirm it.  *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir.

1    2009) ("Substantial evidence means more than a mere scintilla but less than a

2    preponderance; it is such relevant evidence as a reasonable mind might accept as

3    adequate to support a conclusion.") (citation omitted).  In certain circumstances, such as

4    when an ALJ rejects a claimant's testimony about the severity of his impairments, a

5    higher standard applies.  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

6    (requiring "specific, cogent reasons" for rejecting claimant's testimony, and "clear and

7    convincing evidence" where there is no evidence of malingering).  In particular, when

8    evaluating subjective testimony about pain, an ALJ must follow a two-step analysis.

9    *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, the ALJ must

10   determine whether there is objective medical evidence of an impairment that would cause

11   some degree of pain.  *Id.* at 1036.  The ALJ may not reject the claimant's subjective

12   testimony merely because objective medical evidence does not support the degree of pain

13   that the claimant describes.  *Id.*  Second, if there is an underlying impairment, the ALJ

14   can reject the claimant's testimony only by pointing to evidence of malingering or

15   "specific, clear and convincing reasons" for finding the claimant's testimony incredible.

16   *Id.*  The court does not defer to the ALJ's legal conclusions.  *Bray*, 554 F.3d at 1222.  The

17   court reviews a magistrate judge's R&R de novo.  Fed. R. Civ. P. 72(b)(3).

18        The R&R also accurately summarizes the five-step process for determining

19   whether an applicant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v),

20   416.920(a)(4)(i)-(v).  An applicant is disabled if, for a period of sufficient duration, she

21   can perform neither her past relevant work nor any other substantial gainful activity

22   available in the national economy.  In the first step, the applicant must show that she did

23   not engage in substantial gainful activity during a relevant time period.  If she did, then

24   she is not disabled.  If she did not, then the claimant must show at the second step that

25   she has a "severe impairment" that limits her ability to work.  20 C.F.R. § 404.1520(c).

26   If so, she must show at the third step that over the course of at least a year, her

27   impairment "meets or equals" an impairment listed in applicable regulations.  If it does,

1  she is disabled.  If not, she must demonstrate at step four that her residual functional

2  capacity ("RFC") is such that she cannot perform her past relevant work.  *See* 20 C.F.R.

3  § 404.1520(f) (noting that an applicant who can perform past relevant work is not

4  disabled).  If she cannot, then the burden shifts to the SSA to demonstrate that her RFC

5  permits her to perform other jobs that exist in substantial numbers in the national

6  economy.  *See Bray*, 554 F.3d at 1223 (describing allocation of burdens in five-step

7  process).

**B. The ALJ Did Not Give Sufficient Reasons for Finding that Ms. Gates Was Not
   Credible.**

Regarding Ms. Gates's credibility, the ALJ concluded that her "statements

concerning the intensity, persistence and limiting effects of some of these symptoms are

not entirely credible."  AR 711.  It appears that the ALJ described "some of these

symptoms" as follows:

> The claimant also testified that she was unable to work due to pain that
> went into her toes, as well as cramping.  She described the pain as going
> into the Achilles tendon and as constant.  The claimant rejected even the
> possibility of performing sedentary work due to her allegations of the
> inability to concentrate.
>
> As for mental impairments, the claimant stated that she had emotional
> depression.  She described herself as withdrawing from friends and family
> during a time in which she did not want to see anyone.  She estimated that
> she did not seek any medical care for her depression for about one year.

AR 711.  The ALJ cited claimant's ability to move easily at the hearing, her level of daily

activity, and observations of treating and examining physicians in supporting his

conclusion.  AR 712-13.  However, the ALJ never specifically identified which of her

statements was not credible and what testimony undermined those specific statements.

Accordingly, the ALJ failed to comply with Judge Zilly's remand order.

Additionally, the ALJ erred in relying on daily activities in finding her not credible

without determining whether the daily activities identified consumed a substantial part of

1   claimant's day.  The Ninth Circuit has stated "that the mere fact that a plaintiff has

2   carried on certain daily activities, such as grocery shopping, driving a car, or limited

3   walking for exercise, does not in any way detract from her credibility as to her overall

4   disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see Fair v. Bowen*,

5   885 F.2d 597, 603 (9th Cir. 1989) ("many home activities are not easily transferable to

6   what may be the more grueling environment of the workplace . . . . Yet if a claimant is

7   able to spend a substantial part of his day engaged in pursuits involving the performance

8   of physical functions that *are* transferable to a work setting, a specific finding as to this

9   fact may be sufficient to discredit an allegation of disabling excess pain.") (emphasis in

10  original).  The ALJ did not determine whether the daily activities consumed a substantial

11  part of Ms. Gates's day or whether her physical activities are transferable to a work

12  environment.  On remand, the ALJ must make a determination on both issues.

13          The court finds that the ALJ committed legal error in failing to determine whether

14  the daily activities consumed a substantial part of petitioner's day and whether the

15  activities are transferable to a work environment.[1]  *See Orn v. Astrue*, 495 F.3d 625, 639

16  (9th Cir. 2007) ("The ALJ must make 'specific findings relating to [the daily] activities'

17  and their transferability to conclude that a claimant's daily activities warrant an adverse

18  credibility determination.").

19  **C. The ALJ Did Not Give Reasons That Were Germane To Each Witness For**
20      **Finding Lay Witnesses Are Not Credible.**

21          An ALJ must consider lay witness testimony concerning a claimant's ability to

22  work.  *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).  Lay

23  testimony as to claimant's symptoms or how an impairment affects ability to work is

24  _____

25          [1] The ALJ relies, in part, on activities petitioner reported to Dr. Hakeman in her July 16,
26  2002 letter to the Department of Labor & Industry.  AR 426-31 (pages of report inverted).  The
    ALJ also failed to analyze whether the daily activities as reported in Dr. Hakeman's letter were
27  performed for a substantial part of petitioner's day, or were transferable to a work setting.

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND
RECOMMENDATION- 5

competent evidence, and cannot be disregarded without comment. *Id.* Accordingly, if the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are "germane to each witness." *Id.* Additionally, the ALJ must provide "specific reasons for rejecting lay testimony." *Id.* at 1054.

With respect to the lay testimony of claimant's relatives, the ALJ provided the following analysis:

> In a statement dated April 9, 2003, Alice Hayes, the claimant's mother, referred to quick mood changes and foot pain that would allegedly end if Labor and Industries would approve an operation (Ex. 17E). However, Mrs. Hayes also reported that the claimant performed a host of daily activities, including cooking, cleaning and washing clothes, vacuuming, plac[ing] clothes in the dryer, driv[ing] an automobile, go[ing] grocery shopping, participat[ing] in planned activities outside her home perhaps once a month, and watch[ing] television. This description is not a picture of an individual who is unable to perform all work activity.[2]
>
> A written statement was also made by the claimant's sister, Sandra Spurling, on April 7, 2003 (Ex. 15E). She reported that the claimant had seemed depressed since pain " . . . became more of a constant part of her life". However, once again, a wide list of activities was mentioned as a part of the claimant's daily life. Ms. Spurling noted that her sister was always clean and dressed appropriately. She also reported that the claimant took care of her husband and performed such household activities as cooking dinner, washing clothes, sweeping the floor, cleaning the toilet, driv[ing] an automobile, and us[ing] public transportation. While Ms. Spurling found the claimant to be less active, this observation, if correct, does not result in a finding that an individual is "disabled".

AR 714-15.

---

[2] The ALJ used the term "all work activity" here, but he provided the correct legal standard previously: "once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities." AR 710. It is unclear to the court which legal standard the ALJ applied. On remand, the ALJ should use the correct legal standard in his analysis.

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND
RECOMMENDATION- 6

1        The ALJ's sole basis for rejecting the lay testimony was that they were somehow

2   inconsistent with the reports of her daily activities.  The ALJ has not explained how these

3   reasons are "germane to each witness."  *Stout*, 454 F.3d 1053.  *Contrast Bayliss v.*

4   *Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (rejecting portions of lay testimony that

5   were inconsistent with medical evidence and objective evidence in the record).  It appears

6   that the ALJ's generalized summary of petitioner's daily activities, without specific

7   analysis regarding how often or the amount of time spent on those activities, has affected

8   his implicit conclusion that the lay witnesses are not credible.  If the ALJ wishes to

9   discount the testimony of lay witnesses, he must give reasons that are germane to each

10  witness.  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

11       The court need not decide whether substantial evidence supported the ALJ's

12  conclusion that depression was not a severe impairment because the adverse credibility

13  findings of Ms. Gates and lay witnesses plainly colored his conclusion, and necessitates

14  remand.[3]  *See Stout v. Comm'r, Social Sec. Admin*, 454 F.3d 1050, 1056 (9th Cir. 2006)

15  ("where the ALJ's error lies in a failure to properly discuss competent lay testimony

16  favorable to the claimant, a reviewing court cannot consider the error harmless unless it

17  can confidently conclude that no reasonable ALJ, when fully crediting the testimony,

18  could have reached a different disability determination.").

19                       **IV. CONCLUSION**

20       For all the foregoing reasons, the court DECLINES TO ADOPT the R&R to the

21  extent stated in this order, and ADOPTS the R&R in all other respects.  The court

22  REVERSES the ALJ's decision, and REMANDS to the SSA for further consideration

23  and a new decision, with instructions (1) to reconsider the claimant's adverse credibility

24  findings, to identify specifically what testimony is not credible and to identify the facts in

25

26       [3] Because the ALJ's rejection of Dr. Hakeman's evaluation post-DLI was colored by the
    adverse credibility findings of petitioner and lay witnesses, the ALJ must consider Dr.

27  Hakeman's post-DLI medical opinions on remand.

1   the record that lead to that conclusion, (2) to reconsider the rejection of the lay witness

2   testimony, and to identify specific reasons that are germane to each witness if the ALJ

3   rejects the lay witness testimony, and (3) to re-evaluate the five-step sequential process

4   for determining disability in light of the credibility assessments, other objective medical

5   evidence, and any new findings.  To the extent that the ALJ relies on petitioner's reports

6   of daily activities that seem to be inconsistent with her allegations, the ALJ must

7   determine whether those daily activities consumed a substantial part of her day and

8   whether those activities are transferable to a work setting.

9        The clerk shall deliver a copy of this order to Judge Donohue.

10

11       Dated this 22nd day of May, 2012.

12

13

14       _____

15       The Honorable Richard A. Jones
         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27